IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLENN T. TURNER,

                Plaintiff,

v.                                       OPINION and ORDER

LT. ATWOOD, LT. DRESEN,                  23-cv-833-jdp
GARY BOUGHTON, and KARTMAN,

                Defendants.

---

Plaintiff Glenn T. Turner, appearing pro se, is a prisoner at Wisconsin Secure Program Facility. Turner alleges that in 2018 prison officials violated his due process rights in a disciplinary hearing. Turner has not submitted the $405 filing fee for this case, so I infer that he seeks leave to proceed in forma pauperis with this case. But he has "struck out" under 28 U.S.C. § 1915(g). That provision reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, Turner has brought actions that were dismissed because they were frivolous or malicious or they failed to state a claim upon which relief may be granted. *See Turner v. Boughton*, No. 17-cv-203-jdp, 2020 WL 1139833, at *1–2 (W.D. Wis. Mar. 9, 2020) (discussing Turner's three-strike status). Therefore, he cannot proceed in forma pauperis in this case unless I conclude that his allegations show that he is in imminent danger of serious physical injury.

To meet the imminent-danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Turner doesn't meet the imminent-danger standard because his allegations are about a several-year-old disciplinary proceeding. Because he does not allege that he is currently at risk of harm, he is barred from proceeding in forma pauperis on his claims. I will dismiss this case without prejudice. If Turner pays the filing fee by the deadline set below, I will reopen the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Glenn T. Turner is DENIED leave to proceed in forma pauperis under 28 U.S.C. § 1915(g).

2. This case is DISMISSED without prejudice, subject to being reopened if Turner submits the remainder of the $405 filing fee for this case by January 8, 2024.

Entered December 15, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge