IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLENN T. TURNER,

                Plaintiff,

v.                                                         ORDER

LT. ATWOOD, LT. DRESEN,                             23-cv-833-jdp
GARY BOUGHTON, and KARTMAN,

                Defendants.

---

      Plaintiff Glenn T. Turner, proceeding without counsel, is currently a prisoner at Green Bay Correctional Institution. Turner alleged that in 2018 officials at Wisconsin Secure Program Facility violated his due process rights in a disciplinary hearing. He didn't prepay the full $405 filing fee for the case. I dismissed the case because Turner has "struck out" under 28 U.S.C. § 1915(g), which means that he cannot proceed on claims without full prepayment of the filing fee unless he alleges that he is in imminent danger of serious physical harm. Dkt. 2. Turner's allegations did not meet the imminent-danger standard. *Id.* I gave Turner a chance to reopen the case by paying the filing fee.

      Turner did not submit the filing fee. Instead he has submitted a motion for leave to amend the complaint, Dkt. 10, and a proposed amended complaint, Dkt. 13. Under Federal Ruel of Civil Procedure 15(a)(1), Turner has the right to amend his complaint once, so he doesn't need my leave to do so. I will deny his motion for leave to amend as moot.

      Nonetheless, I will not allow Turner to proceed with his proposed imminent-danger claims. I have already concluded that he could not proceed without prepayment of the full filing fee with his original complaint because his allegations against Wisconsin Secure Program Facility officials did not meet the imminent-danger requirement. Turner now attempts to add

entirely new claims against officials at his current place of confinement, Green Bay Correctional Institution, for enforcement of the behind-the-back handcuffing policy. Those claims do not belong together under Federal Rules of Civil Procedure 18 or 20 because they involve different defendants and are not part of the same series of transactions.

Turner alleges that his continued placement in segregation with the handcuffing policy in question is based in part on his disciplinary convictions, including his 2018 conviction for "group resistance and petitions" that was the subject of his original complaint. But an inmate's current conditions of confinement are often influenced by his disciplinary record; that doesn't mean that Rule 20 allows the inmate to join claims about the inmate's current conditions with claims regarding years-old disciplinary proceedings.

Moreover, I will not allow Turner to reopen the case by dismissing the claims against the current named defendants from Wisconsin Secure Program Facility and replacing them with his proposed new claims about the handcuffing procedures at Green Bay Correctional Institution. The effect of allowing Turner to amend his complaint in that fashion would be to allow him to bring a completely different case under this case number, circumventing the requirement for paying a filing fee for each of two separate cases. If Turner wishes to bring imminent-danger claims about his handcuffing injuries, he will have to file a new complaint in a new case. He would be responsible for the filing fees in both this case and the new one.

Turner also moves for an order compelling Green Bay Correctional Institution staff to provide him with ink pens because the e-filing rules do not allow him to submit documents written in pencil. Dkt. 14. I will deny that motion because there isn't any reason for the court to intervene: Turner has been able to file submissions in pencil by mailing them, just as inmates in non-e-filing facilities must do.

ORDER

IT IS ORDERED that:

1. Plaintiff Glenn T. Turner's motion for leave to amend his complaint, Dkt. 10, is DENIED as moot.

2. Plaintiff is DENIED leave to proceed on any claims under this case number. This case will remain closed.

3. Plaintiff's motion regarding writing supplies, Dkt. 14, is DENIED.

Entered June 3, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge